Dorsey v. Goodenow.

---

120]                    *DORSEY v. GOODENOW.

Implied assumpsit—dismissal of a bill for divorce—allowance to wife to carry on her suit and for subsistence.

Where a wife engages a lawyer to prosecute a divorce against her husband, the law will not imply an undertaking by the husband to pay the fees.

The dismissal of a bill for divorce by the court, is only evidence that the suit existed, and of the decree of dismissal; what occasioned it, is the subject of aliunde proof.

The court, in a proper case, will allow a wife petitioning for divorce, sufficient to carry on the suit, and for subsistence.

ERROR to the Court of Common Pleas. The suit below was assumpsit. Two points were raised in this case:

1. Whether the filing a petition for divorce by an attorney, upon the employment of the wife, is sufficient ground for an implied undertaking on the part of the husband, against whom it is filed, to pay the fees?

2. Whether the decision of the court dismissing the petition generally, is conclusive that it was filed without necessary or probable cause?

*R. Marsh*, for the plaintiff in error.

*J.* and *D. L. Collier*, for the defendant.

BY THE COURT. The court below was right in refusing to instruct the jury that the dismissal of a bill for divorce conclusively proved that it was *unnecessary* to file the bill. It was only evidence of the existence of a suit, and the judgment or decree thereon. How, or what occasioned the judgment, is the subject of proof dehors the record.

As to the other point : we think that where service is rendered for the wife, *against the will of the husband*, the fact of service does not afford a legal consideration for an implied assumpsit to pay. Where necessaries are furnished for the subsistence of the wife, the credit is given to the husband. If given to the wife, the husband is not chargeable.  7. *T. R.* 432—1 *Saund.* 284—5 *Taunt.* 356. This is not such a case—here the service was for the wife, in a proceeding against the husband, intended to affect his conjugal rights. It would be difficult, against such facts, to raise a presumption of assent.  Nor is it necessary to raise such a presumption to secure the wife a hearing of her complaints in court.  Power is possessed by the court to make an allowance to the wife, *pendente lite*.  In a proper case made, the court will make an allowance large enough to enable her to carry on her suit, and to subsist upon while it is pending.

The judgment is reversed, with costs.

